IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUEL CARTER,<br><br>                Petitioner,<br><br>v.<br><br>JOHN SCHELL, WARDEN<br><br>                Respondent. | CIV. NO. 25-00100 JMS-WRP<br><br>ORDER: (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, ECF NO. 1; AND (2) DENYING CERTIFICATE OF APPEALABILITY |

**ORDER: (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, ECF NO. 1; AND (2) DENYING CERTIFICATE OF APPEALABILITY**

## I.  INTRODUCTION

Before the court is pro se Petitioner Samuel Carter's ("Carter") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), ECF No. 1.  As discussed below, the court DISMISSES the Petition and DENIES a certificate of appealability.

## II.  BACKGROUND

Carter is in pretrial custody at the Oahu Community Correctional Center ("OCCC"), awaiting trial in state court in *State v. Carter*, No. 1CPC-22-0001081 ("Circuit Court Case").  ECF No. 1 at PageID.1.  Carter is charged with five counts, including Murder in the Second Degree in violation of Hawaii Revised

Statutes ("HRS") §§ 705-500, 707-701.5, and 706-656.[1]  The Circuit Court initially ordered that Carter be held without bail.  Circuit Court Case Dkt. 11, ECF No 7-6 at PageID.141.[2]  Then, on January 9, 2023, Carter filed the first of two Motions for Supervised Release or, in the Alternative, to Set Bail ("First Motion").  Circuit Court Case Dkt. 82, ECF No. 7-6 at PageID.148.  Following a hearing on that motion, the Circuit Court set bail at $3.3 million.[3]  Circuit Court Case Dkt. 107, ECF No. 7-6 at PageID.151.  On March 14, 2023, Carter filed a second Motion for Supervised Release, or, In the Alternative, to Reduce Bail ("Second Motion").  Circuit Court Case Dkt. 120, ECF No. 7-6 at PageID.159.  Carter asked the court

---

[1] In full, Carter is charged with

> Attempted Murder in the Second Degree in violation of Hawaii Revised Statutes §§ 705-500, 707-701.5, and 706-656 (Count One); Murder in the Second Degree in violation of HRS §§ 707-701.5 and 706-656 (Count Two); Ownership or Possession Prohibited of any Firearm or Ammunition by a Person Convicted of Certain Crimes in violation of HRS §§ 134-7(b) and (h) (Count Three); Carrying or Use of Firearm in the Commission of a Separate Felony in violation of HRS § 134-21 (Count Four); and Carrying or Use of a Firearm in the Commission of a Separate Felony in violation of HRS § 134-21 (Count Five).

See State v. Carter, 154 Haw. 96, 98, 546 P.3d 1210, 1212 (App. 2024).

[2] The court takes judicial notice of the Hawaii state court docket.  See Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011); Harris v. County of Orange, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

[3] After Carter filed his First Motion, the Department of Public Safety Oahu indicated that it had not filed any previous Pretrial Bail Reports ("PBR") because defendant was held without bail and was not eligible for pretrial risk assessment.  ECF No. 7-5 at PageID.130.  In its findings of fact, the Circuit Court indicated that it had set bail at $3.3 million in order to "allow[] the production of an updated PBR" which "would allow for further review of any combination of bail conditions that might address the risks of flight and dangerousness."  Id. at PageID.133.

2

to reduce his bail amount to $100,000.  *Id.*  The Circuit Court denied Carter's Second Motion and reaffirmed bail in the sum of $3.3 million ("September 1, 2023 Order").  Circuit Court Case Dkt. 205, ECF No. 7-6 at PageID.175.  In support of its ruling, the court made the following Findings of Fact:

    a. Defendant is charged with serious crimes, which as pled, place Defendant on notice that he is facing a possible maximum sentence of life imprisonment without the possibility of parole in Counts 1 and 2 of the Indictment.

    b. Defendant has criminal histories as a result of arrests in Nevada, Florida, Illinois, New Jersey, and Hawaii.

    c. Defendant has convictions in Nevada, Florida, and Illinois for Larceny, Theft, Robbery, Retail Theft, Possessing the Credit Card of Another, Manufacturing or Delivering Controlled Substances.  Defendant has convictions in Hawaii for Theft 2 – felony class C (3X), Fraudulent Use of a Credit Card – felony class C, Drug Paraphernalia – felony class C, and a Robbery 2 – felony class B (which defendant later contested and proffered that it had been amended to a Theft 2 – felony class C).

    d. Defendant has 14 arrests, resulting in 7 convictions in Hawaii.  Defendant has arrests for criminal contempt of court as well as parole violations, which demonstrate that he is a flight risk and may not follow Court orders.

    e. Defendant has a robbery conviction in Illinois and an arrest for robbery in Hawaii.  Robbery is a crime of violence.

  f. Defendant may pose a threat to, or a risk of obstruction, as to eye witnesses and the complaining witness.

  g. Defendant was a felon and he possessed a firearm.

  h. Defendant reported having a severe and persistent mental health diagnosis and reported using numerous illicit substances just prior to coming into custody.

  i. Defendant is a serious flight risk and serious danger to any person or the community.

  j. Defendant had no valid sponsor or program to permit Supervised Release and withdrew his request.

ECF No. 7-5 at PageID.131–132 (citations omitted) (paragraph 11 of the Findings of Fact).

Carter appealed to the Intermediate Court of Appeals ("ICA"). *See State v. Carter*, 154 Haw. 96, 99, 546 P.3d 1210, 1213 (Haw. 2024). He argued, and the ICA agreed, that $3.3 million was excessive under the Eighth Amendment and HRS § 804-9. *Id.* at 97, 104–05, 546 P.3d at 1211, 1218–19. The ICA reasoned that although the Circuit Court had made findings adequate to justify denying bail, once it decided to set bail, it was required to ensure that the amount was "reasonable" in relation to Carter's financial circumstances. *Id.* at 104, 546 P.3d at 1218. The ICA remanded the case to the Circuit Court to issue an order in accordance with its decision. *Id.* at 105, 546 P.3d at 1219. Carter then appealed to

the Hawaii Supreme Court, which denied his Application for Writ of Certiorari on May 30, 2024. *State v. Carter*, 2024 WL 2786454, at *1 (Haw. May 30, 2024).

On October 8, 2024, the Circuit Court ordered defendant held without bail based on a determination that he was a flight risk and a danger to the public. Circuit Court Case Dkt. 351, ECF No. 7-6 at PageID.198 (paraphrased minutes of October 8, 2024 hearing). The Circuit Court then issued an order denying bail and incorporating the Findings of Fact and Conclusions of Law from the September 1, 2023 Order ("October 11, 2024 Order"). Circuit Court Case Dkt. 349, ECF No. 7-6 at PageID.196; ECF No. 7-4.[4]

On October 24, 2024, Carter filed his first § 2241 petition in this District, *see Carter v. Schell*, 2024 WL 4835292, at *1 (D. Haw. Nov. 20, 2024), which was dismissed without prejudice because Carter had not exhausted available state judicial remedies. *Id.* at *2–*3.

On January 27, 2025, Carter filed a Motion to Exhaust All Claims Related to Circuit Court October 11, 2024 Order Denying Bail. *See* ECF No. 7-7. On February 20, 2025, Carter made an oral motion appealing the October 11, 2024

---

[4] In its conclusions of law, the September 1, 2023 Order determined that "Defendant poses a serious risk of danger to any person or the community under HRS § 804(b)(3)," that the "Court has not been presented with a condition or combination of conditions that will reasonably assure the appearance of Defendant when required or the safety of any other person or community" under HRS § 804-3(d), and that "Defendant poses a serious risk of flight and a serious danger to any person or the community." ECF No. 7-5 at PageID.138. Thus, Defendant was detained based on two separate findings—he was a flight risk and he posed a risk of danger to any person or the community.

5

Order.  Circuit Court Case Dkt. 410, ECF No. 7-6 at PageID.201–202.  The court denied the oral motion as untimely.  ECF No. 7-8 at PageID.229.  It is unclear from the record whether Carter's Motion to Exhaust All Claims is the same as his oral motion for interlocutory appeal of the October 11, 2024 Order, but if there were two motions, both appear to have been denied at the hearing.[5]

Carter filed this Petition on March 6, 2025.  ECF No. 1.  Warden Schell filed a Response on April 4, 2025, ECF No. 7, and Carter filed a Reply on April 17, 2025, ECF No. 8.  The court decides this matter without a hearing pursuant to Local Rule 7.1(c).

### III.  STANDARD OF REVIEW

Section 2241 "provides a general grant of habeas authority that is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment, such as a defendant in pretrial detention."  *Bean v. Matteucci*, 986 F.3d 1128, 1131 (9th Cir. 2021) (citing *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018)); *see also Stow v. Murashige,* 389 F.3d 880, 886 (9th Cir. 2004) ("[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention . . . .").  Pursuant to

---

[5] The docketed minutes state: "Court colloquy with State Re: Exhaustion of Claims; Court colloquy with defendant.  State to prepare Order Denying Oral Motion for Interlocutory Appeal of Setting Bail."  Circuit Court Case Dkt. 410, ECF No. 7-6 at PageID.202.

§ 2241(c)(3), Petitioner must show that he "is in custody in violation of the Constitution of laws or treaties of the United States" to be entitled to relief. The court reviews the state court's "factual findings with a presumption of correctness and conclusions of law *de novo*." *Hoyle v. Ada County*, 501 F.3d 1053, 1059 (9th Cir. 2007).

Because Carter is proceeding pro se, the court liberally construes the allegations in his Petition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed' . . . [and] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *see also Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (recognizing that courts must construe habeas petitions liberally and draw reasonable inferences in the petitioner's favor). Even when viewed liberally, however, a "cursory and vague claim" is insufficient to warrant habeas relief. *Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) (citing *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.")).

## IV.  DISCUSSION

**A.    Carter's Petition Is Properly Before This Court**

"When adjudicating a § 2241 petition, the district court must first determine whether it has jurisdiction over the petition before proceeding to any

7

other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). And "§ 2241 petitions must be filed in the district where the petitioner is confined." *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012). Carter, confined at OCCC in Honolulu, has filed his Petition with the proper court—the court sitting in the federal district in which he is being held. *See Hernandez*, 204 F.3d at 865. And it appears that Carter has exhausted his remedies in state court, and in any event, Schell has not argued that Carter has failed to exhaust. *See, e.g., Vondette v. Ives*, 2014 WL 657877, at *5 (C.D. Cal. Feb. 18, 2024) (holding that failure to exhaust administrative remedies is an affirmative defense that must be raised by the party responding to a § 2241 petition).

Although Carter makes several arguments, only two are properly before the court—whether the statutes under which he was detained are facially valid under the Fourteenth Amendment's guarantees of due process and equal protection, and whether they violate the Fourteenth Amendment as applied to him.[6]

---

[6] Carter also argues that "$3,300,000 million is excessive bail and violates the 8th Amendment." ECF No. 1 at PageID.2. But even assuming that the Excessive Bail clause applies to the states, *see Galen v. County of Los Angeles*, 477 F.3d 652 (9th Cir. 2007), any such claim is now moot—Carter is being held without bail at the present time. As set forth above, the ICA determined that the Circuit Court abused its discretion in setting bail at $3.3 million, and remanded. The Circuit Court then ordered that Carter be held without bail. In short, any challenge to bail in the sum of $3.3 million has been resolved in state court and is not before this court. For the same reason, Carter's similar arguments—that the Circuit Court violated "my due process and equal protection when they fail[ed] to analyze my financial circumstances under [HRS §] 804-9" and that his due process and equal protection rights were violated based on the setting of bail that "favor[s] wealthy defendants over poor ones," *id.*—fail. Carter also makes a
(continued . . .)

ECF No. 1 at PageID.2; ECF No. 8 at PageID.232, 234.  The court first sets forth the relevant Hawaii statutory framework and then addresses Carter's constitutional arguments.

**B.     Hawaii Statutory Framework**

> HRS § 804-3 provides in relevant part:
>
> (a) For purposes of this section, "serious crime" means murder or attempted murder in the first degree, murder or attempted murder in the second degree, or a class A or B felony, except forgery in the first degree and failing to render aid . . . and "bail" includes release on one's own recognizance, supervised release, and conditional release.
>
> (b) Any person charged with a criminal offense shall be bailable by sufficient sureties; provided that bail may be denied where the charge is for a serious crime, and:
>
>> (1) There is a serious risk that the person will flee;
>>
>> (2) There is a serious risk that the person will obstruct or attempt to obstruct justice, or therefore, injure, or intimidate, or attempt to thereafter, injure, or intimidate, a prospective witness or juror;
>>
>> (3) There is a serious risk that the person poses a danger to any person or the community; or
>>
>> (4) There is a serious risk that the person will engage in illegal activity.
>
> [. . .]

---

number of state law arguments that may not be addressed in a federal habeas petition.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); 28 U.S.C. § 2254(a).

> (d) If, after a hearing the court finds that no condition or combination of conditions will reasonably assure the appearance of the person when required or the safety of any other person or community, bail may be denied.

And HRS § 804-7.5 further provides in relevant part that:

> (b) Upon formal charge and detention, a defendant shall have the right to a prompt hearing concerning:
>
>> (1) Release or detention; and
>>
>> (2) Whether any condition or combination of conditions will reasonably ensure:
>>
>>> (A) The defendant's appearance as required; and
>>>
>>> (B) The safety of any other person and the community.
>
> (c) At the hearing, the defendant shall have the right to be represented by counsel and, if financially unable to obtain representation, to have counsel appointed. The defendant shall be afforded an opportunity to testify at the hearing. The defendant and the prosecution shall both be afforded an opportunity to present information by proffer or otherwise.

### C. The Statutes Under Which Defendant Was Detained Are Not Facially Invalid[7]

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v.*

---

[7] Because the Circuit Court detained Carter as a flight risk and a serious risk to another person or the community, *see* ECF No. 7-4 and ECF No. 7-5 at PageID.137–138, the court limits its analysis to HRS § 804-3(b)(1), (b)(3) and (d) and HRS § 804-7.5(b) and (c).

*Wolfish*, 441 U.S. 520, 535 (1979).  But the government may, consistent with due process, detain individuals without bail for regulatory purposes where its interests are shown to be "sufficiently weighty."  *United States v. Salerno*, 481 U.S. 739, 749–50 (1987).  In evaluating the constitutionality of the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, *Salerno* determined that "[t]he government's interest in preventing crime by arrestees is both legitimate and compelling."  *Id.* at 749.  When individuals are at risk of committing further crimes, pose a flight risk, or present a danger to the public, the government's regulatory interest in community safety can outweigh an individual's liberty interest.  *Id.* at 748.  Further, pretrial detention based on flight risk does not violate the Eighth Amendment or the Due Process Clause of the Fifth Amendment.  *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986).

    *Salerno* further determined that the Bail Reform Act included procedural safeguards that adequately protected the liberty interest of the arrestee.  These safeguards include an adversarial hearing before a neutral judge where, for example, a judicial officer would evaluate the likelihood of future dangerousness of the detainee.  *Salerno*, 481 U.S. at 750–51.  In these procedures, detainees have a right to counsel, may testify in their own behalf, may present information by proffer or otherwise, and may cross-examine witnesses.  *Id.* at 751.  The judicial officer is guided by statutorily enumerated factors, which include "the nature and

11

circumstances of the charges, the weight of the evidence, the history and characteristics of the putative offender, and the danger to the community." *Id.* at 751–52.  Finally, the judicial officer must include written findings of fact and a written statement of reasons for a decision to detain. *Id.* at 752.  The Act further provides for immediate appellate review of the detention decision. *Id.*

Turning to HRS chapter 804, the statutory scheme furthers the same legitimate and compelling governmental interests as the Bail Reform Act and contains procedural protections that mirror those found sufficient in *Salerno*.

First, HRS § 804-3 furthers the same governmental interests deemed "sufficiently weighty" in *Salerno*. *Salerno*, 481 U.S. at 750.  Like the Bail Reform Act, HRS § 804-3 limits the application of the statute to "serious" crimes.  HRS § 804-3(b) then further limits its applicability—as relevant to this case—to persons who present a serious risk of flight (§ 804-3(b)(1)) or to persons who pose a serious risk of danger to any person or the community (§ 804-3(b)(3)).  The risk of flight and risk of danger to the community are legitimate and compelling interests under *Salerno*, which parallels HRS § 804-3(b)(1) and (b)(3). *Salerno,* 481 U.S. at 749.

Second, the Bail Reform Act's procedural safeguards have counterparts in Hawaii's statutory framework and case law.  Like the Bail Reform Act, HRS § 804-7.5(b) grants every defendant a prompt bail hearing and requires a

12

neutral judicial officer to consider whether any condition (or combination of conditions) will reasonably ensure his appearance and the safety of the community. *See also* HRS § 804-3(d).  HRS § 804-7.5(c) gives the defendant a right to counsel (or to have counsel appointed) at that hearing, and an opportunity to testify, present evidence, and call witnesses.  In the hearing, the decisionmaker is guided by the factors in HRS § 804-3 enumerated above.  And a detainee has a right to immediate interlocutory appeal of a pretrial order denying bail.  *See State v. Johnson*, 96 Haw. 462, 470 n.12, 32 P.3d 106, 114 n.12 (App. 2001) (holding that the collateral order exception, which allows appeal of an interlocutory order, is applicable in criminal cases upon a denial of pretrial motions to reduce bail).

        In short, Carter's argument fails.  The statutory scheme under which he was detained is facially constitutional.[8]

## D. The Statutes Under Which Defendant Was Detained Do Not Violate the Fourteenth Amendment as Applied

        In its October 11, 2024 Order, the Circuit Court incorporated the Findings of Fact and Conclusions of Law from the court's September 1, 2023 Order denying Carter's Second Motion to Reduce Bail (in which the court declined to reduce bail from $3.3 million to $100,000).  ECF No. 7-4 at PageID.125; *see*

---

[8] Carter also argues that these statutes violate the Equal Protection clause, but provides no argument or law to support this claim.

*generally* ECF No. 7-5.  The findings of fact fully establish that Carter met all of the statutory criteria for denial of bail under HRS § 804-3.

First, the Circuit Court found that Carter met the criteria of § 804-3(a), as he is charged with a serious crime.  *See* ECF No. 7-5 at PageID.136–137 (concluding that Counts 1–5 of the Indictment all charged Carter with "serious crime[s]" as defined by HRS § 804-3).

Next, as set forth above, the Findings of Fact established both a serious risk that Defendant would flee and a serious risk that he posed a danger to any person or the community.  ECF No. 7-5.  Further, the court has found no indication—and Carter does not argue—that he failed to receive any of the procedural protections laid out in HRS §§ 804-3 or 804-7.5.  In short, the statutory scheme under which Carter was detained was not unconstitutional as applied to him.[9]

## V.  **<u>CERTIFICATE OF APPEALABILITY</u>**

Rule 11 of the Rules Governing Section 2254 cases (which also apply to § 2241 cases) requires a district court to rule on whether a petitioner is entitled to a certificate of appealability when it enters a final order adverse to the applicant.  *See also* Fed. R. App. P. 22(b).  Here, reasonable jurists could not find the court's

---

[9] And, to the extent Carter is claiming that Hawaii's bail system was administered "with caprice or discrimination," *Kelly v. Springett*, 527 F.2d 1090, 1093 (9th Cir. 1975), he has presented no facts to support such a claim.

14

rulings to be debatable, so a certificate of appealability is denied.  *See Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (setting forth standard for certificate of appealability), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).

## VI.  CONCLUSION

Based on the foregoing, the court DENIES Carter's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and DENIES a certificate of appealability.  The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 30, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge